IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARRONDRES DUNN,**

      **Petitioner,**

      v.

**WARDEN, NOBLE**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

**CASE NO. 2:20-CV-106**
**JUDGE MICHAEL H. WATSON**
**Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Motion to Dismiss, Petitioner's Response in Opposition, and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that the Motion to Dismiss (ECF No. 8) be **GRANTED** and that this action be **DISMISSED.**

### I. BACKGROUND

Petitioner challenges his convictions pursuant to his guilty plea in the Belmont County Court of Common Pleas for voluntary manslaughter with a firearm specification and burglary. (ECF No. 7, PAGEID # 38.) On September 9, 2016, the trial court imposed an aggregate term of 20 years' incarceration. (PAGEID # 50.) Petitioner filed a timely appeal. On January 17, 2017, however, the appellate court dismissed the appeal at Petitioner's request. (PAGEID # 56, 64, 67.) Approximately two years later, on January 14, 2019, Petitioner filed a motion for a delayed appeal. (PAGEID # 76.) On February 25, 2019, the appellate court denied the motion for a delayed appeal, noting as follows:

> Appellant already filed a direct appeal of the September 9, 2016 sentencing entry, and that appeal was voluntarily dismissed under App.R. 28. *State v. Dunn*, 7th Dist. No. 16 BE 052 (Jan. 16, 2017). Appellant was represented by counsel in that appeal and Appellant personally agreed to the voluntary dismissal. There is no provision in App.R. 28 for a voluntary dismissal without prejudice (such as exists in Civ.R. 41(A)(1)), and therefore, we presume the dismissal was with prejudice. Courts have made exceptions to this presumption in the criminal context, but in the instant appeal, Appellant has also failed to give a reasonable explanation for the delay in filing the second appeal. Appellant has apparently forgotten about the first appeal and the voluntary dismissal, and claims that he did not know how to file an appeal and that his requests to file an appeal fell upon deaf ears. Appellant's assertion is contradicted by the record that indicates his trial counsel did file an appeal, transcripts were prepared, the record was brought up from the trial court, and then Appellant voluntarily dismissed it. If Appellant changed his mind, there is no explanation why he waited nearly two years to file the second motion for delayed appeal.

(*Judgment Entry*, ECF No. 7, PAGEID # 80.)  Petitioner did not allege, as he does now, that his attorney had coerced him into waiving his right to appeal. (*See* ECF No. 7, PAGEID # 77.) On May 3, 2019, the appellate court denied Petitioner's motion for reconsideration. (PAGEID # 89.) On September 3, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (PAGEID # 111.)

On January 2, 2020, Petitioner executed his *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. (*Petition,* ECF No. 1, PAGEID # 9.) He asserts that his appellate attorney coerced him into waiving his right to appeal (claim one); and that his convictions violate the Double Jeopardy Clause and Ohio's allied offenses law (claim two). It is the Respondent's position that this action should be dismissed as time-barred.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) on January 17, 2017, when the appellate court granted his request for dismissal of the appeal. The statute of limitations began to run on the following day, and expired one year later, on January 18, 2018. Petitioner waited almost two years, until January 2, 2020, to execute this habeas corpus petition. His January 14, 2019, motion for a delayed appeal did not toll the running of the statute of limitations under the provision of § 2244(d)(2), as the statute of limitations had already long since expired prior to the filing of that motion. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that

3

would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner maintains that this action is timely, because ineffective assistance of appellate counsel prevented him from timely filing under the provision of 28 U.S.C. § 2244(d)(1)(B), or because he did not discover the factual predicate for his claim until the state appellate court denied his request for a delayed appeal and he obtained a copy of the transcript of his guilty plea. (*Response*, ECF No. 11, PAGEID # 166-68.) These arguments do not assist him.

To invoke the limitations provision set forth in § 2244(d)(1) (B), a petitioner must establish that "(1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation of the Constitution or federal law." *Neff v. Brunsman*, No. 1:06–cv–135, 2007 WL 912122, 7 (S.D. Ohio March 23, 2007) (quoting *Evans v. Lazaroff*, No. 2:06–cv–188, 2006 WL 3759697, at *5 (S.D. Ohio Dec.19, 2006)). Petitioner must establish a causal connection between the allegedly unconstitutional state action and his inability to timely file his federal habeas corpus petition. *Id.* For example, § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel was ineffective in perfecting or pursuing a requested appeal and such ineffectiveness actually prevented the petitioner from filing a timely habeas petition. *See Waldron v. Jackson*, 348 F.Supp.2d 877, 882–86 (N.D. Ohio 2004); *Woods v. Jackson*, No. 1:00–cv–803, 2006 WL 746293, at *5–7 (S.D. Ohio Mar.22, 2006). On the other hand, a prisoner's limited access to the prison's law library or a prison's refusal to mail legal documents absent sufficient funds in the prisoner's account do not constute

a state-created impediment under the provision of 2244(d)(1)(B). *See Montgomery v. Jeffreys*, No. 2:10-cv-626, 2011 WL 2784168, at *4 (S.D. Ohio July 6, 2011) (citations omitted).

Under the provision of 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

> [T]he time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Also, under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *Id.* In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Sorce v. Artuz*, 73 F.Supp.2d 292, 294-95 (E.D.N.Y. 1999). Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts[.] *Tate v. Pierson*, 177 F.Supp.2d 792, 800 (N.D. Ill. 2001)(citing to *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 Fed.Appx. 801, 804 (6th Cir. 2002).

*Monford v. Shoop,* No. 2:19-cv-3491, 2019 WL 6044160, at *1 (S.D. Ohio Nov. 15, 2019) (quoting *Gilbert v. CCA Halfway House*, No. 2:16-cv-00781, 2016 WL 4417494, at *3 (S.D. Ohio Aug. 19, 2016) (quoting *Redmond v. Jackson*, 295 F.Supp.2d 767, 771 (E.D. Mich. 2003)).

Here, the factual predicate for Petitioner's claims was plainly discoverable years ago and no state action prevented him from timely filing the Petition. Petitioner's claim that his convictions violated the Double Jeopardy clause or Ohio's statute on allied offenses of similar import would have been apparent to him at the time of entry of his guilty plea. His claim that his attorney forced him to withdraw his appeal likewise would have been readily apparent years

before the filing of this action. Nothing in the record supports Petitioner's allegation that a state-created impediment prevented his timely filing.

### III. RECOMMENDED DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE