UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darrondres Dunn,

    Petitioner,

    v.

Warden, Noble
Correctional Institution,

    Respondent.

Case No. 2:20-cv-106
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On May 28, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 12. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 13. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF No. 13, is **OVERRULED.** The Report and Recommendation, ECF No. 12, is **ADOPTED** and **AFFIRMED.** Respondent's Motion to Dismiss, ECF No. 8, is **GRANTED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions pursuant to his guilty plea in the Belmont County Court of Common Pleas on voluntary manslaughter with a firearm specification and burglary. He asserts that his appellate attorney coerced him

into waiving his right to appeal (claim one); and that his convictions violate the Double Jeopardy Clause and Ohio's allied offenses law (claim two). The Magistrate Judge recommended that Respondent's Motion to Dismiss the case as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) be granted and that this case be dismissed as untimely. ECF No. 12. Petitioner objects to the recommendation of dismissal of this action as time-barred.

Petitioner argues that the statute of limitations did not begin to run until September 3, 2019, when the Ohio Supreme Court dismissed his appeal from the appellate court's denial of his motion for a delayed appeal, or that it is timely under the provision of § 2244(d)(1)(D), based on ineffective assistance of counsel and because he did not intend to waive his right to an appeal. These arguments are not persuasive.

As discussed in the Report and Recommendation, the statute of limitations began to run on January 18, 2017, the day after the appellate court granted Petitioner's request for voluntary dismissal of the appeal. It expired one year later, on January 18, 2018. Petitioner waited almost two years, until January 2, 2020, to execute this habeas corpus petition. Thus, it is untimely. The case Petitioner relies upon, *Wolfe v. Randle*, does not assist him because the record indicates that he withdrew the appeal and waited two years to pursue a motion for a delayed appeal, not that he did not know about his right to appeal. 267 F.Supp.3d 743 (S.D. Ohio 2003) ("due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights").

The provision of 28 U.S.C. § 2244(d)(1)(D) likewise does not assist him, as Petitioner knew, or should have known, of the factual basis for his claims years ago. He nonetheless fails to explain his lengthy delay in pursuing relief.

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection, ECF No. 13 is **OVERRULED**. The Report and Recommendation, ECF No. 12, is **ADOPTED** and **AFFIRMED**. Respondent's Motion to Dismiss, ECF No. 8, is **GRANTED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*,—–U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate

to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

     */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**